```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                   MISC. BUSINESS DOCKET
                    No.: 21-mc-91128-PBS

                  IN RE: LISA S. BELANGER
```

**RESPONDENT ATTORNEY LISA SIEGEL BELANGER'S FURTHER RESPONSE & REQUEST FOR HEARING PERTAINING TO THIS COURT'S SHOW CAUSE ORDER**

Now comes Respondent Attorney Lisa Siegel Belanger (herein referred as "undersigned counsel") in the above-captioned matter, and as directed by this Court Order of **March 22, 2022** responds and requests for hearing:

1. Undersigned counsel, in support of this response incorporates and references her initial Response filed on **March 30, 2021** in the above-captioned matter. (Copy provided as **Exhibit 1**).

2. In addition to requesting a hearing in relation to the March 22, 2022 Order, undersigned counsel requests to be afforded, prior to any hearing before this Court, the opportunity to conduct *actual* discovery given the evidenced unlawful obstruction of entitled discovery *from inception* of the underlying "complaint"; that Massachusetts Office of Bar Counsel's "hearing panel" and Board of Bar Overseers have trampled any semblance of required compliance with Due Process

1

guarantees pursuant to the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

3.   In particular—but by no means limited to, Massachusetts Office of Bar Counsel, Board of Bar Overseers, and the Supreme Judicial Court have lawlessly *obstructed* undersigned counsel's entitlement to discovery and to confront her accusers. Refer to **Exhibits 2A & 2B**—copy of the 1-worded denial of undersigned counsel's initial request and undersigned counsel's underlying motion; **Exhibits 3A & 3B**—copy of the 1-worded denial of undersigned counsel's underlying motion for bill of particulars; **Exhibits 4A & 4B**—copy of transcripts of January 8, 2019 & January 9, 2019 hearing transcripts; **Exhibits 5A & 5B**—videoed hearing of January 8, 2019 & January 9, 2019 hearing.[1]

4.   Furthermore, undersigned counsel has been deprived of public proceedings from the very first proceeding before the 3-person Board of Bar Overseers' "hearing panel" and every other proceeding: November 12, 2019 oral argument before Board of Bar Overseers and the July 14, 2020 court proceeding before Single Justice Francis Gaziano. (Refer to **Exhibits 4-8**).

---

[1] Video evidence to be manually provided to Clerk's Office on thumb-drive.

2

5. In the above-specified proceedings, despite the Board's own rules acknowledging these proceedings are deemed public—as well as the Supreme Judicial Court, the presiding members of the Hearing Board, Board of Bar Overseers and Supreme Judicial Court Justice Gaziano—put on the record that they were not to be videoed even though they "allowed" videography of the purported proceedings. Specifics are set forth as follows:

- **January 8, 2019** transcript before the hearing panel, wherein Chair of the "Hearing Panel" (Rachel Webster, Esq.) directed that assistant bar counsel (Adam Lafrance) and all members of the "hearing panel" **NOT BE VIDEOED.**

    ```
    1       Before we proceed any further, because I do
    2   realize that the proceeding has formally started, I'm
    3   going to refresh everyone's recollection on the video and
    4   then give assistant bar counsel an opportunity to raise
    5   any preliminary issue and, out of fairness, to respond to
    6   anything if bar counsel would like to do so.
    7       So we did enter an order on December 14th as it
    8   concerns the video of this proceeding. I just want to
    9   confirm very briefly what the order requires. Okay? So
    10  the order requires that there is one video camera with an
    11  attached microphone and the video camera and microphone
    12  shall be set up and remain stationary during the hearing,
    13  and the location must be unobtrusive and must be approved
    14  by the hearing committee Chair, who is myself, and I do
    15  approve it in that location.
    16      It shall be directed only to the witness at the
    17  table. This is the table here. I do understand that
    18  there was a request off the record by Attorney Belanger
    19  for if she wants to say something and she wants to be
    20  recorded and she doesn't want to stand up here, there's a
    21  way for you to record her and record her only. We can do
    22  it that way, but you are only to record witnesses.
    23      And you as the videographer shall remain
    ```

    Refer to Exhibit 4A; 5A & 5B.

- **November 12, 2019 (Oral Argument before the Board)**

The request is allowed in part, as follows:

1. One video camera with attached microphone will be allowed in the Board room. The video camera and microphone shall be set up before the argument and shall remain stationary during the argument. The camera location must be unobtrusive and must be approved by the General Counsel before the argument begins.

2. The camera shall be directed only at the podium from which counsel will argue. It must not visually record the Board, BBO staff, or spectators. BBO staff or any member of the Board shall have the right to confirm compliance with this provision. No recording is allowed outside of the Board room.

3. The videographer shall remain stationary during the argument.

4. No attempt shall be made to speak with any member of the Board, BBO staff or spectators. There shall be no recording or transmission other than of the actual oral argument. The camera and recorder shall be turned off until the argument begins and as soon as it ends.

5. No still photography shall be allowed.

Copy of full Order provided as **Exhibit 6**.



Link for the complete hearing:

https://youtu.be/lFJdNQZLp8o

4

- **July 14, 2020 proceeding before Judge Gaziano**

    Single Justice Gaziano not only directed Boston Broadside to *not* video him (even though allowing videoing of Assistant Bar Counsel Adam LaFrance), Justice Gaziano conducted the purported proceeding during the period of time that the Massachusetts Governor had ordered lockdown throughout the Commonwealth—copy of videoed proceedings provided as **Exhibit 7**.  Judge Gaziano opened the Court House to hold *one and only one proceeding*, consisting of In re: Lisa Siegel Belanger.  Refer to **Exhibit 8**—docket of BD-2020.

6.  Also evident, the above-described conduct of the specified public officials' hiding their faces from the public demonstrates consciousness of guilt as to their calculated violations of undersigned counsel's guarantees to Due Process.

**Procedural history regarding this Court's granted stay of the proceedings in the above-captioned matter**

7.   This Court granted a stay pending the appeal of the underlying matter of SJC-13066, which the court record overwhelmingly evidences said appeal has failed to even be

5

effectuated.  The court record shows that the Massachusetts Supreme Judicial Court has *deliberately* refused to initiate even the most basic requirement of serving undersigned counsel with the mandated **NOTICE OF ASSEMBLY OF RECORD**.

8.   Even more egregious, undersigned counsel has provided solid court documented evidence that Clerks Maura Doyle and Francis Kenneally (individually and/or jointly) have tampered with the court dockets of the underlying purported disciplinary matter. Refer to **Exhibits 9-17**.

9.   Provided is a copy of undersigned counsel's motion filed in the underlying SJC-13066 matter reporting the removal of live-streamed audio of July 14, 2020 proceeding before Justice Gaziano.  Copy of motion provided as **Exhibit 9**. Undersigned counsel incorporates and references said motion.

10.     Undersigned counsel incorporates and references her filed **March 18, 2021** motion to stay in the underlying matter of SJC-13066 (copy provided as **Exhibit 10**) that sets forth with specific details and irrefutable documentation; as stated in said motion:

> **I.   Grounds necessitating stay Appellate Proceedings**
>
> 1. With specific regard to this direct appeal to the Full Bench in the above-captioned matter, undersigned counsel presents substantial and solid documentation that Clerk Maura Doyle has misrepresented to this Court (Supreme Judicial Court for the Commonwealth): 1) the true status of the purported assembly of record and 2) purported "notice" in the underlying action of **BD-2020-0013.**

(Page 2 of Exhibit 10, March 18, 2021 motion).

8.      On **June 18, 2021,** Single Justice David Lowy responded to undersigned counsel's specific information of misrepresentation and the Clerks' Offices dereliction of duties as set forth:

> 5. All other requests for relief laid out in the present motion, and issues concerning alleged errors in notices, docket entries, or in the assembly of the record, may be raised in connection with the appeal pending in the full court. The full court will consider them in due course. (Lowy, J.) (See SJ-2021-M016).

Refer to copy of docket provided as **Exhibit 11**).  Undersigned counsel incorporates and references this filed August 8, 2021 motion.

7

9.  As a result of the Single Justice Lowy's above Order, undersigned counsel filed on **August 10, 2021,** a motion explicitly informing, again with specific and irrefutable documentation, of the Supreme Judicial Court's illegalities regarding the ACTUAL Notice of Assembly of Record—copy of said motion is provided as **Exhibit 12.** Undersigned counsel incorporates and references this filed August 8, 2021 motion.

10. On **August 19, 2021,** Single Justice Gaziano—the very judge who ordered the underlying suspension[2] wrote the following order in response to undersigned counsel's August 10, 2021 motion regarding the irrefutable illegalities regarding docket tampering:

> 3. With respect to Belanger's statement that she did not receive notice from the clerk of the full court when the transcript was filed in this court, Mass. R. App. P. 31 (c) provides that the clerk will "send a notice of entry" to the parties "[u]pon the entry of an order, decision, or rescript." The clerk is not required to send notice of every single docket entry to the parties. The docket entry indicating the court's receipt of the transcript in these circumstances does not fall within Mass. R. App. P. 31 (c), and notice was not required. See also Brown v. Quinn, 406 Mass. 641, 644 (1990) ("obligation of counsel, not of the clerk, to monitor the progress of their cases"). Further, there appears to be no question that the respondent actually received the transcript; the transcriber's letter indicates that she provided a copy to the respondent, and the respondent has not claimed that she did not receive it. At most, the respondent is contesting the clerk's failure to send her a notice that he had placed an entry on the docket indicating that the court had received the transcript

Refer to infra Exhibit 11—copy of the docket.

---

[2] Nor only has Judge Gaziano ignored his explicit conflict of interest with regard to his role as the one and only arbiter of the lawless suspension, through Clerk Maura Doyle he was reminded of his conflict of interest regarding the article undersigned counsel published three (3) years *prior in 2018* directly involving Judge Gaziano. Refer to *infra Exhibit 8*; link for article: Attorney General Maura Healey Blatantly Disregards Elder Deaths – Hastened by Jewish Family & Children's Service – Boston Broadside – NEWS, without the liberal spin

11. Upon receiving Judge Gaziano's Order of August 19, 2021, undersigned counsel filed a motion for clarification on **August 20, 2021** in the underlying matter of SJC-13066. Copy of motion is provided as **Exhibit 13**.

12. On **September 14, 2021,** as undersigned counsel had not received any notice of judicial action pertaining to the August 20, 2021 motion for clarification, counsel emailed the below officials and parties as set forth below:



Copy also provided as **Exhibit 14**.

13. As evidenced by the underlying docket of SJC-13066, the August 20, 2021 motion for clarification, to-date, has never been acted on by the Supreme Judicial Court in spite of undersigned counsel's bringing that issue to the Supreme Judicial Court's attention.

9

14. It was not until **March 15, 2022** did undersigned counsel receive the below notice from the Supreme Judicial Court:

> From: lisa@belangerlawoffice.com [lisa@belangerlawoffice.com]
> Sent: 2/15/2022 10:30:59 AM
> To: SJCCommClerk@sjc.state.ma.us [SJCCommClerk@sjc.state.ma.us]
> Subject: RE: SJC-13066 - Notice of Docket Entry
> Please note: defective entry and continued docket tampering by Clerk's Office.
>
>
> ------- Original Message -------
> **From :** SJC Full Court Clerk[mailto:SJCCommClerk@sjc.state.ma.us]
> **Sent :** 2/15/2022 9:07:13 AM
> **To :** lisa@belangerlawoffice.com
> **Cc :**
> **Subject :** RE: SJC-13066 - Notice of Docket Entry
>
> Supreme Judicial Court for the Commonwealth of Massachusetts
>
> RE: No. SJC-13066
>
> IN THE MATTER OF LISA SIEGEL BELANGER
>
> NOTICE OF DOCKET ENTRY
>
> Please take note that the following entry was made on the docket of the above-referenced case:
>
> February 15, 2022 - ORDER: Appeal dismissed under May 17, 1988 Standing Order. Notice to counsel.
>
> Francis V. Kenneally Clerk
>
> Dated: February 15, 2022
>
> To:
> Lisa S. Belanger
> Joseph S. Berman, Esquire
> Adam C. LaFrance, Esquire
> Rodney S. Dowell, Esquire
> S.J.C. for Suffolk County

Copy of email provided as **Exhibit 15.**

15. ***After*** having received the above email notification from the Clerk's Office, undersigned counsel downloaded the docket on that same day. Copy of said docket downloaded as of **March 15, 2022**—infra Exhibit 11.  Specifically, note the very last docket entry:

> 10/18/2021  #24  NOTICE PRECEDING DISMISSAL
>
> To the Appellant(s): LISA S. BELANGER
>
> The clerk of this court has not received the memorandum and appendix under S.J.C. Rule 2:23 within the time ordered. You are hereby notified that the appeal will be dismissed as to such for lack of prosecution unless, within fourteen days of the date of this notice, the clerk shall receive the rule 2:23 filings. If no such filings are received, the clerk shall forthwith dismiss the appeal for lack of prosecution and shall note such dismissal on the docket.
>
> Francis V. Kenneally Clerk

16. Of significance, the SUPPOSED date of "notice" being **October 18, 2021**.  Undersigned counsel attests that she had not received any such notice, at any time from anybody—which is documented through her email history.  Substantiating such fabrication by the Supreme Judicial Court is the amount of time between the docket entry and the specific emailed notice of purported "dismissal": **6 MONTHS**.

11

17. **IMMEDIATELY,** upon receiving the Supreme Judicial Court's email of **March 15, 2022,** undersigned counsel notified the Clerk's Office by reply email:

> From:    lisa@belangerlawoffice.com [lisa@belangerlawoffice.com]
> Sent:    2/15/2022 10:30:59 AM
> To:      SJCCommClerk@sjc.state.ma.us [SJCCommClerk@sjc.state.ma.us]
> Subject: RE: SJC-13066 - Notice of Docket Entry
> Please note: defective entry and continued docket tampering by Clerk's Office.

See infra Exhibit 15.

18. In addition, the following day on **March 16, 2022,** undersigned counsel explicitly provided formal notice to **counsel for the Chief Justice of the Supreme Judicial Court, Attorney Christine Burak.**

> Docket tampering SJC-13066 - Notice of Docket Entry
>
> From:    lisa@belangerlawoffice.com [lisa@belangerlawoffice.com]
> Sent:    2/16/2022 9:31:18 AM
> To:      christine.burak@sjc.state.ma.us [christine.burak@sjc.state.ma.us]
> Cc:      maura.healey@state.ma.us [maura.healey@state.ma.us]; SJCCommClerk@sjc.state.ma.us [SJCCommClerk@sjc.state.ma.us]
> Subject: Docket tampering SJC-13066 - Notice of Docket Entry
> Attachments: SJC-13066 Order Dismissal.pdf (14.24 Kb)
>
> Attorney Burak:
>
> For further clarification, I have never received any notice of purported intent to dismiss as evidenced by record of received emails and I still have not received the NOTICE OF ASSEMBLY OF RECORD for which commences the appeal--which is documented in the record of SJC-13066.
>
> You are put on formal notice of continued falsification by Clerks Doyle and Kenneally in the above matter and underlying related matters.
>
> Interesting to note that I called out Clerk Susan Mellen's docket tampering in **January 2013** which was documented during live-streamed oral argument in the related case of Belanger v. Cuffe et al. argument--6 months later Mellen took "early retirement". Do note that it appears (and documented on the court record) that Clerk Doyle has scrubbed that oral argument from public view--as well as the stream-live audio of July 14, 2020 hearing before Judge Gaziano during the lock-down issued by Governor Baker. I was flattered that the entire building was opened up just for me though--which Boston Broadside was there videotaping by permission.
>
> I look forward to your emailed reply. Sadly, AG Healey has received many reports of such misconduct and has refused to reply as requested.
>
> Lisa Siegel Belanger, Attorney at Law
> 300 Andover Street, #194
> Peabody, MA  01960
> Tel. (978)998-2342

Copy of full email string provided as **Exhibit 16.**

12

19. Twelve (12) days later, counsel for Chief Justice of the Supreme Judicial Court (Attorney Burak) emailed the below reply to undersigned counsel:

> ------- Original Message -------
> From : Christine P Burak[mailto:christine.burak@jud.state.ma.us]
> Sent : 2/28/2022 1:54:54 PM
> To : lisa@belangerlawoffice.com
> Cc :
> Subject : FW: RE: Docket tampering SJC-13066 - Notice of Docket Entry
>
> Ms. Belanger,
>
> Your emails have been forwarded to the Supreme Judicial Court Clerk's Office for the Commonwealth for inclusion on the docket in SJC-13066.
>
> Christine Burak

See infra Exhibit 16.

20. Evidencing the Supreme Judicial Courts' **deliberate intention** to fabricate and illegally alter the underlying court records is the Supreme Judicial Court's disregard (through *multiple* agents and representatives) provide the **mandated NOTICE OF ASSEMBLY OF RECORD** *even though* undersigned counsel provided *many* formal notices to the Clerk's Offices and opposing counsel.

21. As set forth above and via solid documentation, the court record shows undersigned counsel's *multitude* of formal notices to the various agents and representatives of the Massachusetts Supreme Judicial Court—as well as and Massachusetts Attorney General Maura Healy—of irrefutable documentation of docket tampering by Clerks Maura Doyle and Francis Kenneally.

22. To date, Clerk Maura Doyle has failed to negate or refute undersigned counsel's assertions.

23. To date, Clerk Francis Kenneally has failed to negate or refute undersigned counsel's assertions.

24. To date, not one agent or representative of the Supreme Judicial Court has negated or refuted undersigned counsel's assertions.

25. To date, not one agent or representative of the Office of Bar Counsel has negated or refuted undersigned counsel's assertions

26. To date, not one agent or representative of the Board of Bar overseers has negated or refuted undersigned counsel's assertions

27. To date, after given formal notice to Attorney General Maura Healey of such illegalities, she has failed to ever acknowledge the multitude of reports directly made to her regarding the criminality of the agents and representatives of the Massachusetts Supreme Judicial Court. (**Exhibit 17**).[3]

---

[3] In fact, in the related civil action that I filed of Docket No 1:21-CV-11453-FDS.  Attorney Maura Healey has ignored her own staff's attempt to tamper with THAT court docket.  See copies of emails provided as **Exhibit 18A & 18B**--*scroll down.

14

WHEREFORE, as set forth above, undersigned counsel requests this Court to:

- permit undersigned counsel to conduct discovery;
- after completion of discovery, the scheduling of an evidentiary hearing;
- Permit supplemental response with specific regard to conflicts of interest in the underlying matter of 1:15CV10198 regarding Judge Allison D. Burroughs; conflicts of interest within the Bar Counsel Office and Bord of Overseers as entities; specific conflict of interest with General Counsel Joseph Berman and counsel George Berman in the matter of 1:15CV10198; and
- ultimately, **DISMISS WITH PREJUDICE** the above-captioned disciplinary matter.

Respectfully submitted,

/s/ Lisa Siegel Belanger

_____
Lisa Siegel Belanger
BBO No. 633060
P.O. BOX NO. 1189
Belfast, Maine 04195
lisa@belangerlawoffice.com
Tel. 978-998-2342

Date: April 14, 2022

15

**Affidavit of Respondent Attorney Lisa Siegel Belanger**

I, Lisa Siegel Belanger, on my oath, depose and state that the facts set forth in the above status report true and accurate to the best of my knowledge.

Signed under the pains and penalties of perjury.

/s/ Lisa Siegel Belanger

Date: April 14, 2022

## CERTIFICATE OF SERVICE

I, Lisa Siegel Belanger, hereby certify that a true copy of the within-named document has been served upon the following by electronic service to counsel of record:

/s/ Lisa Siegel Belanger

Date: April 14, 2022